# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00795-WYD-NYW

FORT COLLINS NISSAN, INC.
D/B/A TYNAN'S KIA, a Colorado Corporation,

     Plaintiff,

v.

KIA MOTORS AMERICA, INC.,
a California Corporation,

     Defendant.

---

## ORDER ON MOTION TO STRIKE

---

Magistrate Judge Nina Y. Wang

     This matter comes before the court on Defendant Kia Motors America, Inc.'s ("Defendant" or "KMA") Motion to Strike Second Amended Expert Report of Kenneth R. Rosenfield ("Motion to Strike" or "Motion"), filed October 25, 2018. [#60].[1] The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated March 30, 2017 [#4], and the Memorandum dated October 26, 2018 [#61]. Upon careful review of the Motion and associated briefing, the comments offered at the October 4, 2018 Discovery Hearing, the applicable case law, and the entire docket, this court **DENIES** the Motion to Strike for the reasons stated herein.

## BACKGROUND

     This court has discussed the background of this matter in its prior Order, *see* [#43], and does so here only as it pertains to the instant Motion. Plaintiff Fort Collins Nissan, Inc. d/b/a

---

[1] Defendant filed its Motion to Strike [#59] under Level 1 Restriction. The docket also includes a public entry [#60] and redacted version of the Motion [#66]. For consistency, I cite to the restricted filing [#59], but do so without disclosing any information subject to restriction.

Tynan's Kia ("Plaintiff" or "Tynan's"), a franchised motor vehicle dealer, operates a franchised motor vehicle dealership that sells and services KMA products. [#1 at ¶¶ 1-2, 7]. Based on United States Census Tract data each dealer is assigned a specific territory—known as the Area of Primary Responsibility ("APR")—that is used "for measuring sales performance and assigning sales incentive objectives," among other things. *See* [*id.* at ¶¶ 11-12, 14]. Tynan's alleges that KMA granted another dealership permission to relocate seven miles closer to Plaintiff's dealership in 2012, but did not adjust Plaintiff's APR until 2015, which led to Tynan's not receiving "significant monies under the Incentive Programs as a result of its failure to meet unfairly inflated sales objectives." *See* [*id.* at ¶¶ 20-28]. KMA also allegedly refused Plaintiff's proposal to establish a dealership in Aurora, Colorado and denied Plaintiff's request to relocate. *See* [*id.* at ¶¶ 29-34, 43-46]. Tynan's alleges that KMA's refusals, based on faulty APR metrics, resulted in significant lost profits. *See* [*id.* at ¶¶ 34, 45].

Plaintiff initiated this suit on March 29, 2017. [#1]. This court held a Scheduling Conference with the Parties on June 20, 2017. *See* [#24]. Relevant here, the Scheduling Order originally set the affirmative experts deadline as January 19, 2018, the rebuttal experts deadline as February 16, 2018, and the discovery deadline as April 2, 2018. *See* [#25 at 7]. Following several requests for extensions of time, the undersigned extended the affirmative experts deadline to May 31, 2018, the rebuttal experts deadline to July 2, 2018, and the discovery deadline to August 30, 2018. *See* [#46].

On May 31, 2018, Tynan's filed on the court's docket its designation of affirmative experts; these included Edward Stockton and Kenneth Rosenfield ("Mr. Rosenfield").[2] *See* [#48 at 1].

---

[2] This court struck the designation of experts pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure that provides that expert reports will be exchanged between the parties and the Local Rules of the District of Colorado, which provide that written discovery materials will not be filed with the court unless subject to a motion.

Then, on September 27, 2018, Plaintiff filed its Motion for Leave to Supplement Expert Report of Kenneth Rosenfield and Supporting Memorandum (the "Motion to Supplement"). [#52]. Because discovery had closed, Plaintiff moved to reopen discovery for the sole purpose of providing Defendant with Mr. Rosenfield's Second Amended Expert Report (the "Second Amended Report") *see* [#59 at 4-6; #64 at 2], explaining that Plaintiff learned at Mr. Rosenfield's deposition that Mr. Rosenfield had used the "wrong set of data" in compiling his affirmative expert report. *See* [#52 at 1-5]. This court struck the Motion to Supplement and set the Parties for an informal discovery dispute conference. *See* [#54]. At the October 4, 2018 informal discovery dispute conference, this court directed Plaintiff to serve KMA with the Second Amended Report and permitted KMA to file a Motion to Strike if, after a robust meet and confer, Defendant believed the Second Amended Report was not proper under Rule 26(e) of the Federal Rules of Civil Procedure. *See* [#56]. The instant Motion followed.

Now, KMA argues that the Second Amended Report is not proper under Rule 26(e) because it is a "new, substitute report, based on different data." [#59 at 11]. KMA further contends that even if the Second Amended Report is a supplement, it is untimely under Rule 26 and Tynan's untimeliness was not substantially justified or harmless under Rule 37(c). *See* [*id.* at 13-16]. Plaintiff counters that the Second Amended Report is a proper supplement that Plaintiff timely served and, if not, Tynan's untimeliness was substantially justified and harmless. *See* [#64 at 3-9]. The Motion is now ripe for disposition.

## LEGAL STANDARDS

### I.     Rule 26

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that "a party must disclose to the other parties the identity of any witness it may use at trial," generally accompanied by a

written report "if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(A)-(B). Like initial disclosures, "[t]he parties must supplement these disclosures when required under Rule 26(e)," Fed. R. Civ. P. 26(a)(2)(E), if the party discovers that the disclosure is "incomplete or incorrect" in some "material respect," *see Caldwell-Baker Co. v. S. Illinois Railcar Co.*, No. CIV.A.00-2380-CM, 2001 WL 789389, at *1 (D. Kan. June 5, 2001). If incomplete or incorrect, the disclosing-party must supplement its disclosures in a timely manner. *See Cohen v. Pub. Serv. Co. of Colorado*, No. 13-cv-00578-WYD-NYW, 2015 WL 6446948, at *2 (D. Colo. Oct. 26, 2015) (discussing Fed. R. Civ. P. 26(e)(1)).

The timeliness of supplementation centers on when the disclosing-party "reasonably should know" that its disclosures are incomplete or incorrect. *See Jama v. City & Cty. of Denver*, 304 F.R.D. 289, 299-300 (D. Colo. 2014). But such supplementation must be made no later than the time a party's pretrial disclosures are due under Rule 26(a)(3). Fed. R. Civ. P. 26(e)(1)(a), (e)(2). Under this District's Local Rules of Civil Practice, disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure must be made by the deadline for the submission of the Final Pretrial Order. D.C.COLO.LCivR 26.1(b); *Auraria Student Housing at the Regency, LLC v. Campus Vill. Apartments, LLC*, No. 10-cv-02516-WJM-KLM, 2015 WL 72360, *3 (D. Colo. Jan. 5, 2015); *Buben v. City of Lone Tree*, No. 08-cv-00127, 2010 WL 4810632, *2 (D. Colo. Nov. 19, 2010). Nevertheless, even if made on or before the deadline, the court will also consider a party's diligence in obtaining the supplemental information, the length of time to supplement once the party obtained the supplemental information, and other relevant facts to determine whether a party's course of conduct in supplementing frustrates the purpose of Rule 26 to promote full and orderly pretrial disclosure. *See e.g.*, *Jama*, 304 F.R.D. at 299-300 (discussing timeliness under

Rule 26(e)); *Harvey v. United States*, Civil Action No. 04-cv-00188-WYD-CBS, 2005 WL 3164236, *13 (D. Colo. Nov. 28, 2005).

**II.     Rule 37(c)(1)**

If the court finds a violation of Rule 26(e), it must consider the imposition of an appropriate sanction.  Unless substantially justified or harmless, Rule 37(c)(1) precludes a party from using information to supply evidence on a motion or at trial if that party fails to disclose the information as required by Rule 26(e).  Fed. R. Civ. P. 37(c)(1).  The court has broad discretion in determining whether the Rule 26 violation was substantially justified or harmless, and the court need not make explicit findings in this regard.  *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  Nonetheless, several factors guide the court's determination, including (1) the prejudice and surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.  *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).  If neither substantially justified nor harmless, the court must choose a sanction that is both just and related to the violation.  *See Jama*, 304 F.R.D. at 300.

## ANALYSIS

The essential issue for this court to determine on the instant Motion is whether Mr. Rosenfield's Second Amended Report constitutes a supplement contemplated by Rule 26(e).  For the following reasons, I conclude that it does.  I further conclude that Plaintiff's production of the Second Amended Report was timely.

KMA argues that the Second Amended Report is a new expert report prepared by Mr. Rosenfield because Mr. Rosenfield changed all but two numbers from his previous reports to arrive at a new damages calculation for Tynan's lost profits.  *See* [#59 at 6-7, 11-13; #69 at 5-8].  KMA

stresses that Mr. Rosenfield's new calculations do not simply correct prior inaccuracies, but rather bolster his prior damages opinions based on different information that was available to him from the outset. *See* [#59 at 6-7, 11-13; #69 at 5-8].[3]  KMA continues that even if the Second Amended Report is a supplement it is untimely because Tynan's was not diligent in supplementing Mr. Rosenfield's First Amended Report. *See* [#59 at 13; #69 at 2-5, 8].

It is undisputed that Mr. Rosenfield's previous two expert reports relied on inaccurate information when calculating Plaintiff's damages.  The previous two reports utilized data that KMA complied as "a composite (or average) of [financial information for] 15 Kia dealers in Tynan's district." *See* [#59 at 6; #59-2; #59-3].  These composite financial statements are distinct from Tynan's financial statements and do not portray Plaintiff's dealership-specific financial information.  During Mr. Rosenfield's deposition on August 30, 2018, KMA's counsel identified that the use of the composite financial statements did not truly account for Tynan's damages because only Tynan's financial statements provided the appropriate data. *See* [#59-5 at 163:9-166:24].[4]  The Second Amended Report, which is largely identical to the two previous versions, utilizes data from Tynan's financial statements, rather than the composite financial statements, and adjusts the damages calculations accordingly. *Compare* [#59-2; #59-3] *with* [#59-6].

Tynan's argues, and this court agrees, that the Second Amended Report corrects an error with the underlying data used in the two previous expert reports. *See* [#64 at 4-5].  Indeed, there is no dispute that the Second Amended Report's material difference is its use of Tynan's financial

---

[3] KMA also lodges several arguments challenging the methodology Mr. Rosenfield used to render his opinions, *see, e.g.*, [#59 at 12-13], but this court does not consider such arguments on the instant Motion to Strike as they are more appropriate for a motion filed under Rule 702 of the Federal Rules of Evidence.  Further, nothing in this Order shall be construed as limiting Defendant's ability to file a *Daubert* motion at a later date.

[4] In citing to a transcript, this court cites the document number generated by the court's CM/ECF system but the page and line number generated by the transcript.

statements in lieu of the composite financial statements provided by KMA. Nor is there any dispute that Tynan's financial statements provide the only useful data of Plaintiff's lost profit damages—a point belabored by KMA's attorney at Mr. Rosenfield's deposition, *e.g.*, [#59-5 at 163:9-166:24], and throughout its briefing on the Motion to Strike [#59; #69] and its Motion for Summary Judgment [#51; #58]. Thus, I conclude that the Second Amended Report properly corrects an inaccuracy in some material respect as contemplated under Rule 26(e).

This court reached a similar conclusion in a factually analogous scenario. In *Lenox Maclaren Surgical Corporation v. Medtronic, Incorporated ("Lenox")*, this court considered the appropriateness of a supplemental expert report regarding damages propounded by the plaintiff. No. 10-CV-02139-MSK-NYW, 2015 WL 6735495, at *1 (D. Colo. Nov. 4, 2015). The damages expert's supplemental report recalculated the defendant's market share based on the financial documents of a third-party, documents allegedly produced to the plaintiff prior to its damages expert's initial report but which the plaintiff did not provide to the damages expert. *See id.* at *2. The defendant moved to strike the damages expert's supplemental report, raising similar arguments as KMA does here. *See id.* at *2-3. This court concluded that the damages expert's supplemental report "constitute[d] [a] supplementation based on corrected information rather than an improper attempt to use Rule 26(e) to include additional opinions or strengthen or bolster existing expert opinions." *Id.* at *3. A similar conclusion is appropriate here despite KMA's insistence that this court preclude Tynan's from relying on the Second Amended Report because Tynan's had its own financial statements well before Mr. Rosenfield issued his initial report.

Further, this court finds misplaced KMA's reliance on *Beller ex rel. Beller v. United States*, 221 F.R.D. 696 (D.N.M. 2003). There, though somewhat factually similar, the court rightfully found that the supplemental report of the plaintiffs' damages expert was not a supplement but an

entirely new report on the plaintiffs' claimed damages. *Id.* at 697. In comparing the initial and supplemental reports, the court highlighted several areas where the supplemental report offered new damages totals without any explanation, even though the damages expert used the same figures and factors in both reports. *See id.* at 697-700. Moreover, the supplemental report included new categories of claimed damages and recalculated some categories based on another expert's calculations. *Id.* Here, as in *Lenox*, the Second Amended Report does not contain any new methodology and rather corrects Mr. Rosenfield's analysis based on accurate data—data known to all and which Defendant stressed at Mr. Rosenfield's deposition is the only reliable data to calculate Plaintiff's lost profits. Nor is this a scenario where Plaintiff sought to supplement Mr. Rosenfield's First Amended Report based on opinions expressed in rebuttal to Mr. Rosenfield's opinions.

In addition, although Plaintiff produced the Second Amended Report after the expiration of the affirmative experts deadline (May 31, 2018) and discovery cut-off (August 30, 2018), its production was timely under the plain language of Rule 26(e)(2) of the Federal Rules of Civil Procedure and D.C.COLO.LCivR 26.1(b) as the presiding judge, the Honorable Wiley Y. Daniel, has yet to set this matter for a Final Pretrial Conference or for trial. KMA contends that Tynan's had the requisite information all along and was not diligent in supplying it to Mr. Rosenfield or when producing the Second Amended Report several weeks after learning of Mr. Rosenfield's error. While it is true that Plaintiff retained the requisite information from the outset and that Plaintiff should have been more careful in reviewing Mr. Rosenfield's expert reports, these facts alone do not persuade this court that Tynan's was not diligent in supplementing Mr. Rosenfield's First Amended Report once KMA's counsel identified Mr. Rosenfield's error on August 30, 2018. This court believes that allowing Plaintiff to proceed with the Second Amended Report will not

derail the progress of this case in any significant manner, and that this is a more equitable solution as compared to precluding Plaintiff from providing any opinion as to its claimed damages.

Finally, though mindful of the time and resources expended by the Parties to date, this court believes that the Parties can efficiently proceed with limited discovery concerning the Second Amended Report. *Cf. Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) (holding that "expenditure of time, money, and effort alone is not grounds for a finding of prejudice" when considering leave to amend). And given that the Second Amended Report does not rely on information or methodologies previously undisclosed or unknown to the Parties, this court anticipates that any additional discovery, including any supplemental or rebuttal expert report, will not create an insurmountable hardship on KMA. Indeed, Plaintiff initially offered to Defendant a second, half-day deposition of Mr. Rosenfield to account for the Second Amended Report. *See* [#52 at 6-7]. In acknowledgment that Plaintiff's inadvertent mistake warrants additional discovery, the court will require Plaintiff to make Mr. Rosenfield available, at Plaintiff's expense, at a location of Defendant's choosing for a four-hour deposition, no later than **January 31, 2019**. Furthermore, this court directs the Parties to engage in a robust meet and confer to discuss the scope of any additional discovery needed, which the Parties will then address with this court at a Telephonic Status Conference.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)     Defendant's Motion to Strike [#60] is **DENIED**; and

(2)     A Telephonic Status Conference is **SET** for **December 19, 2018** at **10:00 a.m.**

DATED: December 14, 2018

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge